UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUSTAVIA HOME, LLC,

                Plaintiff,

-against-

MICHAEL BLANDINO; and JOHN DOE "1"
through "12", said persons or parties having
or claimed to have a right, title or interest in
the Mortgaged premises herein, their
respective names are presently unknown to
the plaintiff,

                Defendants.
-------------------------------------------------------------X

VERIFIED ANSWER

Civil Action No.:
2:16-CV-03146-ADS-ARL

Defendant, MICHAEL BLANDINO, answering the complaint of the plaintiff herein, respectfully show to this court and allege as follows:

1.    Defendant, MICHAEL BLANDINO, denies that he has any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "2", "3", "4", "6", "7", "8", "9", "11","12", "13", "14", "15", "16", "17", "21", "23", "24" and "26" of the complaint herein.

2.    Defendant, MICHAEL BLANDINO, denies each and every allegation contained in paragraphs designated "10", "18", "19", "20", "22" and "25" of the complaint herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

3.    A.    That upon information and belief the plaintiff lacks jurisdiction over the defendant, MICHAEL BLANDINO, in failing to allege in the complaint proof of the assignment of the bond (note) and mortgage in proper form.

        B.    That upon information and belief the plaintiff lacks jurisdiction over



the defendant, MICHAEL BLANDINO, in failing to show a valid assignment of the mortgage, nor does plaintiff provide, describe or reference any documents suggesting an assignment to plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

6. That upon information and belief the plaintiff has failed to comply with the provisions set forth in Real Property Action and Proceeding Law §1303 in failing to set forth the required foreclosure notices in proper form.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

7. That upon information and belief, the plaintiff has failed to comply with the provision set forth in Banking Law § 595-A.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

8. That upon information and belief plaintiff has failed to comply with the provisions set forth in § 61 of the Banking Law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

9. That upon information and belief the plaintiff lacks any standing to bring this action pursuant to CPLR § 3211(a).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

10. That upon information and belief the plaintiff fails to state a cause of action pursuant to CPLR § 3211(a).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

11. That upon information and belief, plaintiff and/or its predecessors in interest, directly and/or through its agents, servants and employees, including loan servicers, mortgage brokers and real estate brokers, have acted improperly in the application process leading to, and including, the closing of the mortgage loan being

foreclosed herein.

12. That upon information and belief, plaintiff, in engaging in the acts complained of herein, acted to mislead, overcharge and defraud the defendants in the application process, the loan closing and the servicing of the subject mortgage loan.

13. That upon information and belief, as a result of plaintiff's actions herein, plaintiff is liable to the defendants for each and every improper and tortious act committed by plaintiff and/or its predecessors in interest, directly and/or through its agents, servants and employees.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

14. The plaintiff's complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

15. Plaintiff's claims are barred to the extent that plaintiff failed to timely and properly exhaust necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of the within action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

16. Plaintiff's claims are barred to the extent that the plaintiff ha wholly ignored the defendant's good faith efforts to enter into a loan modification agreement or to enter into any good faith negations with the defendant or to offer the defendant the option of making modified payments on the subject loan obligation or to otherwise take any steps whatsoever to avoid the commencement of the within action.

### AS AND FOR AN ELEVENTH AFFIRAMTIVE DEFENSE:

17. Plaintiff's claim for various forms of relief are barred to the extent that plaintiff has failed to mitigate any of its financial loss.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

18. Plaintiff lacks the requisite standing to prosecute the within action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

19. Plaintiff's complaint has not been verified by a person having personal knowledge of the facts allegedly giving rise to the causes of action herein.

## AS AN D FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

20. Plaintiff's complaint fails to state a claim upon which relief may be granted as such fails to contain an affirmation by an attorney under the penalty of perjury that they have communicated with a representative of the plaintiff bank or lender and that they have personally reviewed all documents and records related to the case and that after making this review and other diligent inquiry, attest that the Summons and Complaint and all the documents filed in support of the within action for foreclosure are complete and accurate in all relevant respects.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

21. The plaintiff does not have the legal capacity to institute the within cause of action against the defendant.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

22. Plaintiff comes before this Court with unclean hands thereby precluding the equitable relief of foreclosure in the case at hand.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

23. The plaintiff's complaint fails to state a cause of action upon which relief may be granted as the plaintiff failed to give notice of default to the defendant and an opportunity to said defendant to cure such default.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

24. That upon information and belief, defendants have no knowledge that the plaintiff was assigned the debt and there was no Affirmative Allegation of Standing (NY Real Property Actions and Proceedings law Section 1302, high-cost and subprime home loans)(amended 2008):   Plaintiff failed to allege, as required, in the Foreclosure Complaint that it is the legal owner and holder of the Note and/or Mortgage or has the authority to foreclose.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

25. Upon information and belief, plaintiff's attorney did not file a Certificate of Merit as required by CPLR 3012-b attesting that he or she reviewed the facts of the case and based on a consultation with representatives of the plaintiff identified in the certificate and the attorney's review of pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by defendant and all instruments of assignment, if any, and or any other instrument of indebtedness including modification, extension or consolidation, to the best of his or her knowledge, information or belief there is a reasonable basis for commencement of this action and that plaintiff is the creditor to enforce rights under such document.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

26. Upon information and belief, as required by CPLR 3012-b, copies of the mortgage, security agreement and note or bond underlying the mortgage executed by defendant(s) and all instruments of assignment, if any, and any other instrument of indebtedness including modification, extension and consolidation were not attached to the complaint nor the Certificate of Merit.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

27. Upon information and belief defendant(s) did not receive the notice of default required by their mortgage agreement and the mailing of this notice is a condition precedent to the foreclosure.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE:

28. Upon information and belief, 90-day pre-foreclosure notices (NY Real Property Actions and Proceedings Law Section 1304)(amended 2009) were inadequate because of one or more of the following:

> Two copies were not delivered;
> Foreclosure lawsuit filed within 90 days of pre-foreclosure notices;
> Notice was delivered, but defective in content (e.g. did not list at least 5 housing counseling agencies within homeowner's region).

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE:

29. Upon information and belief, defendant(s) are eligible for the Home Affordable Modification Program ("HAMP") because my loan is secured by a one-to-four unite property, this is my principal residence, the loan was originated on or before January 1, 2009 and I cannot afford my monthly mortgage payments. The loan servicer failed to comply with HAMP for the following reason(s):

> Chapter II, Section 3 of the MHA Handbook prohibited the servicer from referring my loan to foreclosure. To my knowledge, I have not been evaluated for HAMP or determined ineligible for the program; I did not fail a HAMP trial period plan; I have responded to all reasonable requests for information; and I have not refused help under the program.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE:

30. Service of process was not in conformity with the CPLR therefore this Court does not have jurisdiction over the person of the defendant.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE:

31. The statute of limitations to sue on this matter has expired.

### AS AND FOR DEFENDANTS FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT

32. Due to the expiration of the statute of limitations, Plaintiff has no right to collect monies under the note rendering the mortgage unenforceable and thus voidable.

WHEREFORE, defendant demands judgment dismissing the complaint herein, a declaratory judgment voiding the mortgage together with costs and disbursements of this action.

DATED: MEDFORD, NEW YORK
August 19, 2016

Yours, etc.,

BY: _____
MICHAEL BLANDINO
Defendant Pro Se
72 Kobb Boulevard
Islip, New York 11795

TO: THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Huntington, New York 11743

STATE OF NEW YORK}
                 }ss:
COUNTY OF SUFFOLK}

MICHAEL BLANDINO, being duly sworn, deposes and says:

That deponent is a defendant in the within action; that deponent has read the foregoing Verified Answer and know the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters, deponent believes it to be true.

_____
MICHAEL BLANDINO

Sworn to before me this
25 day of August 2016

_____
Notary Public

JUDITH A. KIESECKER
Notary Public, State of New York
No. 01KI4749756
Qualified in Suffolk County
Commission Expires: 10/20/17

STATE OF NEW YORK}
                      }ss:
COUNTY OF SUFFOLK}

Judith A. Kiesecker, being duly sworn, deposes and says:

That I reside in Medford, New York, I am not a party to the within action, and I am over 18 years of age.

That on August 25, 2016, I served the within Verified Answer depositing a true copy thereof enclosed in a postpaid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following attorney(s) at the address designated for that purpose:

THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Huntington, New York 11743

_____
Judith A. Kiesecker

Sworn to before me this
25 day of August 2016

_____
Notary Public

MEGAN M. BETHEL
Notary Public, State of New York
No. 01BE6030357
Qualified in Suffolk County
Commission Expires Sept. 07, 20 17

Civil Action No.: 2:16-CV-03146-ADS-ARL
UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GUSTAVIA HOME, LLC,

                                       Plaintiff,

     -against-

MICHAEL BLANDINO,

                                       Defendant.

## VERIFIED ANSWER

Attorney(s) for

Service of a copy of the within          is hereby admitted.

Dated:

                               Attorney(s) for

**PLEASE TAKE NOTICE**

Notice               that the within is a (certified) true copy of a
of Entry __       entered in the office of the Clerk of the within
                     named Court on    20

Notice of           that an Order of which the within is a true copy
Settlement __    will be presented for settlement to the
                     Hon.      one of the judges of the within named
                     Court, on        20  , at

Dated:

August 19, 2016

Clerk's Office
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722

Attention: Pro Se Office

      Re: GUSTAVIA HOME, LLC V. BLANDINO
           Civil Action No.: 2:16-CV-03146-ADS-ARL

Dear Sir/Madam:

    Enclosed herewith for filing is an original and one copy of a Verified Answer in the above entitled matter. Please stamp the copy with the filed date and return same to me in the enclosed self-addressed stamped envelope provided for your convenience.

    Thank you for your courtesy and cooperation in this matter.

                                                    Very truly yours,

                                                   MICHAEL BLANDINO